Kian v. YouTube So, is it Mr. Kian or Mr. Hoa-Chen? Yes, Hoa-Chen. Hoa-Chen Kian. Hoa-Chen Kian. Okay, so... Kian. Kian. Kian. Yes. Mr. Kian. Yeah, Mr. Money. So, Mr. Kian, you're going to go first. You are the appellant. So, you may proceed. We've read your briefs, and so we're happy to hear your argument. My English is not good, so can I speak with the Chinese? Well, we don't have an interpreter, so... Your brief was in English, right? I'm sorry. Now, I read it? You can read if you think that... Maybe it's not standard. Okay, you can read. Okay. Yes. Judge, lawyer, and everybody, I'm Hoa-Chen Kian. I'm a plaintiff in this case. Independent media journalist who failed to the United States seeing Islam due to the political persecution. I have... So... I have operated multiple independent media channels on YouTube, exposing the tabloids of the Chinese Communist Party city and spreading the truth. However, YouTube has not only banned my channel, but also continuously suppressed my freedom of speech, curtailed my economic income, and caused me psychological distress through content censorship, distribution restriction, and data manipulation. These actions have violated my rights and contravened the principles of freedom of speech protected by the U.S. Constitution. Two, YouTube infringements. One, unjustified deletion of my channel and restrictive penalty. My channel never forget June 4th, 6th, documented the 1989 Tiananmen Square massacre in which the Chinese government used tanks to crush the students, damaging freedom and democracy. However, YouTube deleted this channel without any priority warning or explanation. When this action constitutes a constructive fraud and serious violation of my intellectual property rights, if YouTube demanded the content inappropriate, it should have offered a private murder instead of permanently deleting the channel. Mr. Chen, you agree that there are terms of service that you are subject to with YouTube? What is YouTube? Do you understand? I don't understand. There's an agreement that you signed, a user agreement with YouTube. I don't know. Okay. I'm so sorry. That's fine. Shall I continue? Yes, if you'd like. Okay, I'll continue, yes. Originally, YouTube interactively pre-narrated me by banning multiple channels for content I had published more than one year ago. This arbitrarily, enforcement of further democracy is a lack of transparency and consistency in information platform politics. To a larger censorship, superpresses free speech or causing psychological harm. YouTube has restricted me from using special words such as Xi Jinping and Mike Hsieh and has implemented Chinese character theatrically. The method is strikingly similar to the CCP's literary incursion where speech is manipulated through keyword censorship to control public opinion and the supervised individual expressions. This is correlated to forcing a lawyer to spare lawyers as lower or judge to write the budget just to be allowed to publish content. Mr. Shen, I think the time is now up. We have your brief, so we'll now hear from your adversary, Mr. Tabor. Okay. All right, thank you. Okay. Mr. Tabor. Good morning, your honors, and may it please the court, Jacob Tabor of Perkins Coie LLP on behalf of respondents YouTube and Google. The district court's well-reasoned decision dismissing plaintiff's breach of contract claim should be affirmed because plaintiff has failed to identify any provision of the contract that YouTube has breached. There is no dispute of fact here over what contract governs the relationship between YouTube and plaintiff, and there's also no dispute of fact over what the terms of that contract are, and the district court correctly interpreted that contract as a matter of law. YouTube's terms of service give YouTube broad discretion to remove from its platform content that is inconsistent with the terms of service or with the community guidelines, or that YouTube, in its discretion, determines may cause harm to anyone. It is a very broad standard. And the terms of service do not require YouTube to provide advance warning before removing content from its platform. Rather, the terms of service are very clear, as has been interpreted by other district courts in the Ninth Circuit, that the notification need only be given of the reason for removing the content after it has been removed, and only in some circumstances. Here, there is no dispute of fact that this notification was provided. The e-mails from YouTube notifying plaintiff of the removal of his channel are in the record and notifying him of the reason, therefore. And so there is no provision of the terms of service that plaintiff has identified YouTube as having breached. I am very happy to answer any questions that the court may have, and otherwise I'll rest on our briefs. All right, I think there are no questions, so you may be seated. So thank you both. We will reserve decision.